UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER, | No. 2:20-cv-0201 CKD P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| UNKNOWN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner seeks to challenge the judgment in Sacramento County Case No. 94F04029. (ECF No. 1 at 11, 18, 22.) The petition indicates that petitioner was charged with burglary and found not guilty by reason of insanity in 1995. (Id. at 22.) Petitioner states that he received a twelve-year sentence and has been released. (Id.)

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth below, the

1

1  petition fails to state a cognizable claim for relief and the undersigned will recommend that it be
2  dismissed.

3  Petitioner is attempting to challenge the proceedings related to a burglary charge in Case
4  No. 94F04029. (ECF No. 1 at 22.) However, both the petition and attachments to the petition
5  make clear that petitioner has been out of any type of custody related to the judgment in Case No.
6  94F04029 since some time in 2016. (Id. at 22, 24, 48.) Under 28 U.S.C. § 2254(a), a federal
7  court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody
8  pursuant to the judgment of a State court only on the ground that he is in custody in violation of
9  the Constitution or the laws or treaties of the United States." The Supreme Court has interpreted
10 § 2254 as requiring that the habeas petitioner be "'in custody' under the conviction or sentence
11 under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per
12 curiam) (citation omitted). The custody requirement of § 2254 is jurisdictional. Williamson v.
13 Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998) (citation omitted). Accordingly, petitioner's
14 challenges to the proceedings in Case No. 94F04029 fail to state a claim for relief because while
15 petitioner may currently be in custody, he is no longer in custody related to the judgment in Case
16 No. 94F04029.

17 Accordingly, IT IS HEREBY ORDERED that:

18 1. Petitioner's motion to proceed in forma pauperis (ECF No. 5) is granted.

19 2. The Clerk of the Court shall randomly assign a United States District Judge to this
20 action.

21 IT IS HEREBY RECOMMENDED that the application for writ of habeas corpus be
22 dismissed.

23 These findings and recommendations are submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days
25 after being served with these findings and recommendations, petitioner may file written
26 objections with the court. Such a document should be captioned "Objections to Magistrate
27 Judge's Findings and Recommendations." Petitioner is advised that failure to file objections
28 ////

2

within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 15, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:turn0201.dismiss.hc.f&r